**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLTON HOOKER, et al.,

    Plaintiffs,

v.                                               Case No: 8:15-cv-750-T-30TGW

WALLACE HOPKINS, et al.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court *sua sponte*. A review of *pro se* Plaintiff Carlton Hooker's complaint reveals that it is frivolous because it is barred by the statute of limitations on its face and it is barred on *res judicata* grounds. Specifically, this is Mr. Hooker's sixth action related to his employment at the Department of Veteran's Affairs. *See Hooker v. Eric K. Shinseki, Secretary of the Department of Veteran's Affairs, Wallace Hopkins,* 8:14-cv-333-JSM-AEP (listing Mr. Hooker's previous cases). The Court's Order in *Hooker v. Eric K. Shinseki, Secretary of the Department of Veteran's Affairs, Wallace Hopkins,* 8:14-cv-333-JSM-AEP, Docket No. 17, cautioned Mr. Hooker that any future filings related to his employment at the Department of Veteran's Affairs that the Court deemed legally frivolous or barred by the doctrine of *res judicata* would subject Mr. Hooker to an injunction enjoining him from filing any future action related to his employment or termination from the Department of Veteran's Affairs without permission

from the Court. In light of this sixth filing, the Court concludes that such an injunction is appropriate and necessary.

Specifically, the All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651. Section 1651 affords the Court "the power to enjoin litigants who are abusing the court system by harassing their opponents." *Laosebikan v. Coca-Cola Co.,* 415 Fed. Appx. 211, 215 (11th Cir. 2011) (citing *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir. 1980)); *see also Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1295 (11th Cir. 2002) (concluding that "[t]hree or four lawsuits over one employment relationship is enough."). "The only restriction [the Eleventh Circuit] has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" *Martin-Trigona v. Shaw,* 986 F.2d 1384, 1387 (11th Cir. 1993) (quoting *Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986) (emphasis in original)).

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Laosebikan,* 415 Fed. Appx.

at 214 (citing *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir .2000)).  Here, Defendants have a substantial likelihood of success on the merits of any future litigation because Plaintiff's claims are frivolous, barred by *res judicata*, and time barred.  Defendants will suffer irreparable harm by having to defend themselves against a vexatious litigant who repeatedly asserts baseless allegations against them.  Moreover, Mr. Hooker is not harmed as a result of the injunction and is not foreclosed from accessing the Court because, as detailed below, this order requires him to first submit any prospective complaint to the Court for screening before the complaint is filed.  Finally, issuance of the injunction would not be adverse to the public interest because the injunction prevents "further harassment of [Defendants], further clogging of the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets." *Riccard,* 307 F.3d at 1295.

It is therefore ORDERED AND ADJUDGED that:

1. This action is dismissed with prejudice as frivolous.

2. Plaintiff is **ENJOINED** from filing any new action, complaint, or claim for relief against Defendants, the Department of Veteran's Affairs, or any other current or former employee or officer of the Department of Veteran's Affairs, related to his employment at Bay Pines VA Hospital, in federal court, state court, or any other forum unless he first obtains leave to file from this Court.  Leave will be freely given if the new action does not

involve Plaintiff's former employment with the Department of Veteran's Affairs.

3. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4